UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
NOV 3 0 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 06-192-GWU

JAMES E. GIBSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of his application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

Gibson

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged

3

pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

Case: 6:06-cv-00192-GWU Doc #: 11 Filed: 11/30/06 Page: 7 of 9 - Page ID#: 57

Gibson

physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Gibson suffered from chronic obstructive pulmonary disease, left eye blindness, a history of conjunctivitis (versus glaucoma) in the right eye, an anxiety disorder and borderline intellectual functioning. (Tr. 20-21). The plaintiff, who had no past relevant work, was deemed capable of performing work at all exertional levels, with non-exertional restrictions related to lung disease, a lack of peripheral vision, and a mental condition. (Tr. 25). Taking into account the plaintiff's vocational profile, a vocational expert (VE) was able to identify approximately a total of one million jobs in the national economy, in a number of medium and light job categories. (Id.).

The VE had been asked to take into account: (1) a third grade reading ability, (2) a restriction to simple, object-focused tasks that entailed only gradual work setting changes, (3) a need to avoid exposure to dust, smoke, fumes, chemicals, gases, temperature extremes and humidity extremes and (4) a need to avoid exposure to hazardous settings and dangerous machinery. (Tr. 251). As noted previously, the VE identified medium, light and sedentary jobs in response to the hypothetical question. (Tr. 251-252).

The plaintiff argues that his mental capacity was not properly assessed, and with this the Court agrees.

7

Gibson

In framing mental restrictions, the ALJ relied upon the commentary provided at the end of a form of the only non-examining medical reviewer to provide a written rationale for his decision. (Tr. 170).[1] Yet specific limitations were cited by mental health professionals who <u>examined</u> the plaintiff--Consultative Examiner Reba Moore, whose opinion was given "great weight" by the reviewer (Id.), opined that the plaintiff's ability to concentrate was compromised by Gibson's significant anxiety level (Tr. 167)[2] and Gerald Walker, a psychologist source whose opinion was not addressed by the medical reviewers, noted a "seriously limited but not precluded" ability to maintain attention and concentration (Tr. 222).[3] According to the VE, this aspect alone may well have vocational significance. (Tr. 253). Thus, to rely on the medical reviewer was error as per Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

The case will be remanded for additional consideration and not for an immediate award of benefits, however. The plaintiff did obtain valid IQ scores of 68

---

[1] Some of the medical reviewer's form raises questions about the completeness of the conclusory commentary made by him and relied upon by the ALJ. At the conclusion of the form, the reviewer merely stated that Gibson had the skills to "complete mental aspects of work on a schedule" (Tr. 170) yet he had also simultaneously indicated <u>moderate</u> limitations in the "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" (Tr. 168). The remainder of the Court's main-text paragraph assumes <u>arguendo</u> that the medical reviewer's assessment was not internally contradictory, although this is far from clear.

[2] Overall, Moore had cited a moderate symptom GAF of 60. (Tr. 167).

[3] The basis of this limitation is not entirely clear. Nevertheless, it exists.

8

Gibson

and 70 (Tr. 166), but the level of the plaintiff's developmental period functioning (required under LOI Section 12.05) is unclear.[4]

The case will be remanded for further consideration.[5]

This the ___30___ day of November, 2006.

                                              G. WIX UNTHANK
                                              SENIOR JUDGE

---

[4] The school records only involve details of two academic years (Tr. 99) and the nature of the Otis Quick scoring test (Tr. 100) was never explained. While the plaintiff had alleged that he was in a "slow learner's class" (Tr. 65), this is not obvious from the records. Moreover, where poor attendance may be an excuse for poor academic results (Tr. 99), the extent of actual adaptive functioning deficits may be unclear. See Peoples v. Barnhart, 2005 WL 1388553 (W.D. Tex. 2005).

[5] The undersigned also notes that, as the plaintiff inferred, the ALJ obviously had access to detailed information about a prior award of benefits which was terminated due to non-disability status-related reasons (Tr. 16 n. 1); this information does not appear to be in the record (Tr. 1-3) and a portion of Exhibit 2D appears missing in the Court's transcript. This deficiency in the documentation should be addressed on remand as well.

9